UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SENECA INSURANCE COMPANY, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-0829-B |
| HAMILTON PROPERTIES, INC., VUE PLAZA HOTEL, and HAMILTON 1011, LP, | § § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Seneca Insurance Company, Inc.'s Motion for Summary Judgment (Doc. 30). For the reasons that follow, the Court **GRANTS** the Motion in its entirety.

I.

BACKGROUND

This is an insurance coverage case in which Plaintiff Seneca Insurance Company, Inc. ("Seneca") seeks a declaratory judgment that Defendants' insurance claim is not covered or is excluded under their policy. Doc. 1, Compl. ¶¶ 19–21. Seneca issued a commercial property insurance policy (the "Policy") to Defendants for the one-year period from September 28, 2013, to September 28, 2014. Doc. 31-1, Pl.'s App. 1. The Policy covered a hotel (the "Property") that ceased operations in early 2009. *See id.*; *Hamilton Props. v. Am. Ins. Co.*, No. 3:12-CV-5046, 2014 WL 3055801, at *1 (N.D. Tex. July 7, 2014). In October 2014, Defendants submitted a claim for damage to the Property that had allegedly occurred in early September 2014. Doc. 1, Compl. ¶ 7; Doc. 17.,

Defs.' Answer ¶ 8. After Defendants allegedly failed to abide by Seneca's claim procedure, Seneca instituted this action, seeking the declaratory relief already mentioned. Doc. 1, Compl. ¶¶ 7, 20. Defendants then counter-claimed for breach of contract, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. Doc. 17, Defs.' Answer and First Am. Counter-Claim ¶¶ 29–51.

Seneca has now moved for summary judgment on its declaratory judgment claim, as well as all of Defendants' counterclaims. Doc. 30, Pl.'s Mot. for Summ. J. Defendants did not timely file a response, and the Court denied their Amended Opposed Motion for Leave to File Response. *See* Doc. 57, Order.[1] The Motion is therefore ready for review.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs*, 919 F.2d 301, 303 (5th Cir. 1990). Usually, this requires the movant to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)

---

[1] The Court also denied Defendants' Motion to Reconsider that Order. Doc. 62, Elec. Order.

(internal quotation marks omitted). But if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Id.* at 322–23.

Once the summary judgment movant has met this burden, it falls to the non-movant to "go beyond the pleadings and designate specific facts" showing that a genuine issue exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (internal citations omitted). Instead, the non-moving party must "come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted). In determining whether a genuine issue exists for trial, a court will view all of the evidence in the light most favorable to the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). But the court need not "sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)). If the non-movant is unable to make the required showing, the court must grant summary judgment. *Little*, 37 F.3d at 1076.

### III.

### ANALYSIS

Seneca argues that it is entitled to summary judgment because Defendants have put forward no evidence of a loss covered by the Policy. Doc. 31, Pl.'s Br. in Supp. 6. The Court agrees. Under Texas law, "the insured has the burden of establishing coverage under the terms of the policy." *JAW*

*The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597, 603 (Tex. 2015). Only once the insured has made that showing does the burden shift to the insurer to demonstrate "that the loss falls within an exclusion to the policy's coverage." *Id.* Here, though, Defendants have provided no evidence that a loss occurred at all, much less that any such loss was covered under the terms of the Policy. Without any evidence that they suffered a covered loss, Defendants have no right to recover under the Policy, and Seneca is entitled to the declaration it seeks. *See Emp'r Cas. Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1988), *overruled in part on other grounds by State Farm Fire & Cas. v. Gandy*, 925 S.W.2d 696 (Tex. 1996) ("An insured cannot recover under an insurance policy unless facts are pleaded and proved showing that damages are covered by his policy."). This same lack of evidence also thwarts Defendants' counterclaims—without evidence to support their allegations, Defendants have failed to show that there is a genuine issue for trial. Accordingly, Seneca is entitled to summary judgment on both its declaratory judgment claim and Defendants' counterclaims.

## IV.
## CONCLUSION

Based on the foregoing, the Court **GRANTS** Seneca's Motion for Summary Judgment (Doc. 30).

**SO ORDERED.**

**SIGNED:** May 6, 2016.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE